FILED
JUN 16 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY FF DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. Melvin LUE-Lopez, Defendant. | ) | Magistrate Case No. 08MJ8468 FINDINGS OF FACT AND ORDER OF DETENTION |

On the Court's own motion and in accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on May 27, 2008, to determine whether defendant Melvin LUE-Lopez, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney John F. Weis, appeared on behalf of the United States. Diane Regan, of Federal Defenders of San Diego, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the pretrial services officer, and the criminal complaint issued against the Defendant on May 27, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant is required.

///

///

///

I

FINDINGS OF FACT

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1. The Defendant is charged in Criminal Complaint No. 08MJ8468 with Deported Alien Found in the United States, in violation of Title 8, United States Code, § 1326. Therefore probable cause exists to believe the Defendant committed the charged offense.

B. Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1. On May 22, 2008, U. S. Border Patrol Agents encountered Defendant north of the International Boundary with Mexico. It was determined that Defendant was in the U.S. illegally.

2. Record checks revealed that the Defendant had previously been deported. Defendant admitted to his prior deportation and criminal record.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)

1. The Defendant is a Citizen of Mexico.

2. The Defendant resides in Mexico.

3. The Defendant has no immigration status to live in the United States. Furthermore, the Defendant was deported from the United States on August 12, 1997, through Otay Mesa Port of Entry.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)

1. The Defendant has the following criminal history:

12/19/02 - 211 Robbery - 365 days jail, 3 years probation
05/11/04 - 8 USC 1325 - 24 months custody, 1 year supervised release
05/12/03 - 8 USC 1229 - 24 months custody, 1 year supervised release
10/11/01 - 20002 hit & run property damage - fine, 3 years probation
08/22/01 - 529 manufacturer deceptive Gov ID - 30 days jail, 1 year probation
07/05/01 - Disturbing the peace - 3 days jail, 1 year probation
07/05/01 - 148 False ID - 3 days jail, 1 year probation
08/22/01 - Probation Revoked - 33 days jail

///

///

II

REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 08MJ8468, namely, Deported alien Found in the United States (Felony), in violation of Title 8, United States Code, § 1326.

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He, therefore, has a strong motive to flee.

C. Furthermore, the Defendant is a Mexican Citizen and has no legal right to live or work in the United States. Bail is, therefore, impractical as defendant if released on bail would be taken into immigration custody and remain in custody or would be deported and unavailable for further proceedings before this Court.

D. Based upon the Court's findings, there is no condition or combination or conditions that will reasonably assure the appearance of the Defendant as required.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///

///

///

///

///

///

///

///

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 6-16-08.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

JOHN F. WEIS
Assistant U. S. Attorney

cc: Diane Regan
Federal Defenders of San Diego, Inc.